**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY Case No.: 24-30025 |
| | Chapter 7 |
| Robert Hurst Anderson, Jr., | |
| Debtor. | |

**NOTICE OF HEARING AND MOTION OBJECTING TO CLAIMED EXEMPTIONS**

TO: THE DEBTOR AND OTHER ENTITIES SPECIFIED IN THE APPLICABLE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9013-2.

1. Randall L. Seaver, Chapter 7 Trustee ("**Trustee**") herein, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 10:30 a.m. on Thursday, May 23, 2024 before the Honorable Kesha L. Tanabe in Courtroom No. 2C, at the United States Courthouse, at 316 North Robert Street, in St. Paul, MN, 55101, or as soon thereafter as counsel may be heard.

3. Any response to this motion must be filed and served not later than Thursday, May 16, 2024, which is seven (7) days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on January 4, 2024. The case is now pending in this Court. The § 341 meeting was concluded on April 12, 2024.

5. This motion arises under 11 U.S.C. § 522, Bankruptcy Rule 4003 and Local Rule 4003-1(a). This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 and 9013-2.

9136743v1

6. In his original schedules, filed January 4, 2024 at Doc. 1, Debtor Robert Hurst Anderson ("**Debtor**") listed an interest in real property located at 6680 Saint Croix Trail South, Hastings, MN 55033-9125 and legally described as follows:

Lot 4, Block 3, Wilderness Run 5th Addition, Dakota County, Minnesota

(the "**Property**"). The Debtor valued the Property at $1,369,000.00.

7. The Debtor further listed a "Wells Fargo Business" checking account valued at $13,954.00 (the "**Business Account**") and a "Wells Fargo" savings account valued at $0.00 (the "**Savings Account**").

8. At Schedule C the Debtor claimed an exemption of $398,535.00 of the value of the Property pursuant to Minn. Stat. §§ 5510.01 and 510.02.

9. At Schedule D the Debtor listed a mortgage against the Property and in favor of U.S. Bank Home Mortgage in the amount of $970,465.00. Using Debtor's valuation, and deducting the mortgage balance, left the sum of $398,535.00 which the Debtor claimed as exempt.

10. On January 30, 2024, the Debtor filed amended Schedules which, among other things, added a claimed exemption of $13,954.00 in the Business Account under Minn. Stat. § 550.37(24). On February 7, 2024, that amendment was refiled with notice to all creditors after the Debtor failed to comply with the Court's January 31, 2024 order, instructing that proof of notice must be filed within seven (7) days of that order. A true and correct copy of the Amended Schedule C is attached hereto as **Exhibit A**.

11. At the start of 2004, more specifically on January 2, 2024, two days before his filing, the Debtor held $16,772.07 in a personal Wells Fargo savings account ending in 2944 (the "**Personal Account**"). A true and correct copy of the Personal Account statement covering that date is attached hereto as **Exhibit B**.

9136743v1

12. On January 2, 2024 the Debtor transferred $16,772.07 from his Personal Account to a Wells Fargo business checking account ending in 6579, which was an account held by Top Source Media L.L.C. (the "**Top Source Account**"). On January 4, 2024, the balance in the Top Source Account was $17,816.14. A true and correct copy of the relevant pages of the Top Source Account statement covering that date is attached hereto as **Exhibit C**.

13. On March 26, 2024, the Debtor testified that he transferred the Personal Account funds to the Top Source Account in order to put them out of reach of the IRS (the "**Fund Transfer**"). A true and correct copy of the 341 meeting transcript of his March 26, 2024 testimony is attached hereto as **Exhibit D**. See, Page 5.

14. On January 5, 2024, the day after the Debtor's bankruptcy filing, $2,400.00 was paid from the Top Source Account to Walker & Walker Law Offices, PLLC to pay for the Debtor's bankruptcy attorneys' fees. Walker & Walker Law Offices, PLLC Compensation Disclosure filed with the schedules, at page 54, states that Walker & Walker Law Offices, PLLC had received payment of $2,047.00 from the Debtor *prior to* the bankruptcy filing. It appears that the $2,400.00 transfer was authorized on January 4, 2024, but that the transfer was not made until January 5, 2024.

15. The Debtor did not disclose the $16,772.07 Fund Transfer in his original Statement of Financial Affairs. Nor was it disclosed in the Amended Statement of Financial Affairs. The Debtor did not disclose in Schedules B or C that the "Wells Fargo Business Account" was, in reality, an account held by Top Source Media L.L.C., and not an account held by the Debtor, and that the Debtor had transferred funds into the Top Source Account to put them out of reach of the IRS.

9136743v1

## EXEMPTION OBJECTIONS

16. Objection is made to the Debtor's claimed homestead exemption, to limit it to the statutory limit of $450,000.00. According to Zillow, the value of the Property in January 2024 was $1.4 million. Attached hereto as **Exhibit E** is the Zillow valuation. According to the 2024 Property Tax Statement issued by Washington County, the value of the Property was $1,597,400.00. Attached hereto as **Exhibit F** is the Washington County 2024 Property Tax Statement. Given these valuations, the Debtor's equity in the Property on the date of filing appears to have exceeded the statutory limit of $450,000.00.

17. Objection is further made to the Debtor's claimed exemption of the Wells Fargo business account (the "**Wells Fargo Business Account**"). Objection is made because the Debtor's personal Wells Fargo checking account on the date of filing, January 4, 2024, appears to have had a negative balance, so there were no funds to claim as exempt. It appears that the Debtor is trying to claim an exemption in the Top Source Account which is not owned by him, and which contained funds which he admits that he transferred with the intent of hindering, delaying or defrauding the IRS.

18. If required, the Trustee gives notice that he may testify at the hearing of this matter.

**WHEREFORE**, the Trustee requests that the Court enter an order as follows:

1. Limiting the Debtor's homestead exemption of the Property to the statutory limit of $450,000.00.

2. Denying the Debtor's claimed exemption of the "Business Account"; and

3. Granting such other relief as the Court deems just and equitable.

9136743v1

|  |  |
|---|---|
|  | MOSS & BARNETT<br>A Professional Association |
| Dated: April 19, 2024 | By  s/ *Matthew R. Burton*<br>Matthew R. Burton (#210018)<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402<br>Telephone: (612) 877-5000<br>Email: matthew.burton@lawmoss.com<br>ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE |

## **VERIFICATION**

I, Randall L. Seaver, the Trustee of the Bankruptcy Estate of Robert Hurst Anderson, Jr., declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

| | |
|---|---|
| Dated: April 19, 2024 | s/ *Randall L. Seaver*<br>Randall L. Seaver, Trustee |

5

9136743v1