**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY Case No.: 24-30025 |
| | Chapter 7 |
| Robert Hurst Anderson, Jr., | |
| Debtor. | |

**NOTICE OF HEARING AND MOTION FOR DISGORGEMENT OF ATTORNEYS'**
**FEES PAID TO DEBTOR'S COUNSEL**

TO: THE DEBTOR AND OTHER ENTITIES SPECIFIED IN THE APPLICABLE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9013-2.

1. Randall L. Seaver, Chapter 7 Trustee ("**Trustee**") herein, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 10:30 a.m. on Thursday, May 23, 2024 before the Honorable Kesha L. Tanabe in Courtroom No. 2C, at the United States Courthouse, at 316 North Robert Street, in St. Paul, MN, 55101, or as soon thereafter as counsel may be heard.

3. Any response to this motion must be filed and served not later than Thursday, May 16, 2024, which is seven (7) days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on January 4, 2024. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. § 329 and Bankruptcy Rule 2016. This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 and 9013-2.

6. In Debtor's original Statement of Financial Affairs ("**SOFA**") [Doc. 1, page 45], which was prepared by Debtor's counsel, Walker & Walker Law Offices, PLLC ("**Walker**"), Debtor disclosed that he has paid $2,047.00 to Walker before the commencement of his bankruptcy case on January 4, 2024.

7. Although the SOFA has a blank for the date of the payment, Walker omitted putting in the date of its payment.

8. In the Disclosure of Compensation of Attorney, signed by Andrew Walker, it was represented to the Court that the Debtor had paid $2,047.00 to Walker prior to the commencement of the bankruptcy case. [Doc 1, page 54].

9. It came to light during the course of this case that on January 2, 2024, the Debtor transferred $16,772.07 from his personal account to a Wells Fargo business checking account ending in 6579, which was an account held by Top Source Media L.L.C. (the "**Top Source Account**"). On January 4, 2024, the balance in the Top Source Account was $17,816.14. The Debtor testified that Walker was paid by a transfer from the Top Source Account on January 5, 2024.

10. On January 5, 2024, the day after the Debtor's bankruptcy filing, $2,400.00 was paid from the Top Source Account to Walker to pay for the Debtor's bankruptcy attorneys' fees. Again, Walker, in its own Disclosure of Compensation, represented that it had received payment of $2,047.00 from the Debtor *prior to* the bankruptcy filing. It appears that the $2,400.00 transfer was authorized on January 4, 2024, but that the transfer was not made until January 5, 2024.

9200702v1

11. During a continued first meeting of creditors held on March 26, 2024, the Trustee made inquiry of the transfer to the Top Source Account. A true and correct copy of the transcript of the March 26, 2024 341 testimony is attached hereto as **Exhibit A**. The Trustee also noted that Top Source, not the Debtor, paid Walker.[1] The Top Source Account bank statement reflects that payment as being made on January 5, 2024. Despite the evidence, Walker aided the Debtor with amending his SOFA, yet still disclosed that the firm had been paid $2,047.00 by the Debtor prior to the commencement of the case. [Doc. 23, page. 9]. It appears that this was false.

12. The Debtor did not pay Walker its attorney's fees prior to the commencement of the bankruptcy case and all disclosure relating to its fees in this case are false.

13. If required, the Trustee gives notice that he may testify at the hearing of this matter.

**WHEREFORE**, the Trustee requests that the Court enter an order as follows:

1. Directing that Walker disgorge all attorneys' fees paid to it in this bankruptcy case by tendering those funds by way of a check made payable to "Randall L. Seaver, Trustee" and delivering to counsel for the Trustee within ten (10) days of this Court's order.

2. Granting such other relief as the Court deems just and equitable.

<br>

MOSS & BARNETT
A Professional Association

Dated: April 19, 2024        By  s/ *Matthew R. Burton*
                                       Matthew R. Burton (#210018)
                                       150 South Fifth Street, Suite 1200
                                       Minneapolis, MN 55402
                                       Telephone: (612) 877-5000
                                       Email: matthew.burton@lawmoss.com
                                       ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

---

[1] Walker had filed an amended SOFA on March 26, 2024 [Doc. 22] but the Debtor testified at the continued first meeting that he had not reviewed that document before its filing. The Trustee presumes that this led to the second filing on the 28th.

3

9200702v1

## **VERIFICATION**

    I, Randall L. Seaver, the Trustee of the Bankruptcy Estate of Robert Hurst Anderson, Jr., declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: April 19, 2024             s/ *Randall L. Seaver*
                                                   Randall L. Seaver, Trustee

9200702v1