**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Robert Hurst Anderson, Jr.,

        Debtor.

BKY Case No.: 24-30025
Chapter 7

**MEMORANDUM IN SUPPORT OF MOTION FOR DISGORGEMENT OF ATTORNEYS' FEES PAID TO DEBTOR'S COUNSEL**

**INTRODUCTION**

Based on the facts set forth in the verified Notice of Hearing and Motion served herewith, Randall L. Seaver, Trustee ("**Trustee**") seeks the disgorgement of legal fees paid to Walker & Walker Law Offices, PLLC ("**Walker**") in this bankruptcy case. In short, Walker's disclosures relating to its compensation are false.

**ARGUMENT**

The case of *In re Redding*, 263 B.R. 874 (8th Cir. B.A.P. 2001) addressed the importance of accurate disclosures with respect to professionals representing a debtor. That case held:

> When an attorney files a bankruptcy case on behalf of a debtor, section 329 requires the attorney to submit a specific statement of the compensation paid or agreed to be paid for the services already rendered or to be rendered in connection with the case or, for that matter, merely in "contemplation" of the case. The statement filed pursuant to the guidelines established by Rule 2016 …. must be filed whether or not the attorney applies for the compensation to be paid from property of the estate and whether or not the attorney is in fact paid from property of the estate. The Code and Rules require, without exception, that the amount and *source* of the compensation be disclosed.
>
> This provision is derived in large part from the Bankruptcy Act and reflects Congress' concern that payments to attorneys in the bankruptcy context might be the result of evasion of creditor protections and provide the opportunity for overreaching by attorneys. Thus, Congress provided not only for extensive Court, trustee, and creditor scrutiny of the compensation to be paid to attorneys and professionals in general, but also for broad discretion in imposing sanctions for violations of these strictures. See generally H. Rep. 95–595, 95th Cong., 1st Sess. 329 (1977), U.S.Code Cong. & Admin.News 1978, p. 5963;

Sen. Rep. No. 95–989, 95th *879 Cong., 2d Sess. 39–40 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

….

It is well settled that disgorgement of fees is an appropriate sanction for failure to comply with the disclosure requirements of section 329 and Rule 2016. Indeed, the Courts of Appeal which have addressed this and similar disclosure issues are emphatic in affirming the grant of sanctions. See, e.g., *In re Independent Engineering Co.*, 197 F.3d 13 (1st Cir.1999) (no error in denying all fees upon failure to disclose draws on retainer despite the assertion that the retainer was not estate property); *In re Crivello*, 134 F.3d 831, 839 (7th Cir.1998) ("We believe a bankruptcy court should punish a willful failure to disclose the connections required by Fed.R.Bankr.P.2014 as severely as an attempt to put forth a fraud upon the court."); *In re Lewis*, 113 F.3d 1040 (9th Cir.1997)(bankruptcy court is not required to determine whether fees are reasonable before ordering disgorgement of postpetition fees, and all postpetition fees were properly required to be disgorged upon failure to supplement initial disclosure); *In re Downs*, 103 F.3d 472, 477–78 (6th Cir.1996) (disgorgement and denial of fees affirmed: "In cases involving an attorney's failure to disclose his fee arrangement under § 329 or Rule 2016, however, the *courts have consistently denied all fees*." (emphasis added)); *In re Prudhomme*, 43 F.3d 1000 (5th Cir.1995) (entire $75,000 prepetition retainer properly ordered disgorged upon finding a pattern of nondisclosure); *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556, 1566 (10th Cir.1993), cert. denied, 510 U.S. 1114 (1994) (failure to disclose compensation results in forfeiture of any right to compensation; prejudgment interest on fee disgorgement may be ordered); *Matter of Futuronics Corp.*, 655 F.2d 463 (2nd Cir.1981),cert. denied, 455 U.S. 941(1982). Cf. *In re Clark*, 223 F.3d 859 (8th Cir.2000); *In re Kujawa*, 256 B.R. 598 (8th Cir. B.A.P. 2000) ($100,000 in sanctions plus $78,409 in attorneys' fees awarded).

Upon [counsel's] failure to disclose information regarding the compensation he received as required by Rule 2016, the bankruptcy court was required to determine the appropriate sanction. See *Schroeder v. Rouse (In re Redding)*, 247 B.R. 474 (8th Cir. B.A.P. 2000). It did so and, reviewing the facts and circumstances before the bankruptcy court in light of the policies embodied in section 329 and Rule 2016, we discern no clear error in the bankruptcy court's exercise of discretion regarding the appropriate sanction. Accordingly, we affirm.

*Id*., 878-80.

The Trustee submits that Walker's disclosures relating to the amount, timing and source of its payment were each false and went uncorrected (despite Walker's awareness of the same). As such, disgorgement is the appropriate remedy.

9201389v1

**CONCLUSION**

The Trustee submits that Walker should be required to disgorge the attorneys' fees that it has been paid in this case by way of a check made payable to the Trustee.

                                        MOSS & BARNETT
                                      A Professional Association

Dated: April 19, 2024            By  *s/ Matthew R. Burton*
                                              Matthew R. Burton (#210018)
                                      150 South Fifth Street, Suite 1200
                                      Minneapolis, MN 55402
                                      Telephone: (612) 877-5000
                                      Email: matthew.burton@lawmoss.com
                                      ATTORNEYS FOR RANDALL L. SEAVER,
                                      TRUSTEE

9201389v1