# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Anderson, Robert Hurst                                         Bky: 24-30025

Debtor.
_____

**DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIMED EXEMPT PROPERTY**

To: The trustee, and all other entities specified in the applicable Federal Rules of Bankruptcy Procedure and Local Rule 9013-2.

1. Randall L. Seaver, the trustee in this case has objected to the debtor's claim of homestead exemption, suggesting that the value of debtor's home exceeds the statutory limit, which he now admits is $480,000.

2. The trustee has further objected to the debtor's claim of exemption in a Wells Fargo business account owned by Top Source Media L.L.C.

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on January 4, 2024. The case is now pending in this Court.

4. This matter is set for hearing at 10:30 a.m. on Thursday, May 23, 2024 before the Honorable Kesha L. Tanabe in Courtroom No. 2C, at the United States Courthouse, at 316 North Robert Street, in St. Paul, MN, 55101 or as soon thereafter as counsel may be heard.

5. The debtor is the fee simple owner of a residential home located at 6680 Saint Croix Trail South, Hastings, MN 55033-9125 and legally described as follows:

    Lot 4, Block 3, Wilderness Run 5th Addition, Dakota County, Minnesota.

6. The debtor listed his home on Schedule A/B with a value of $1,369,000.

7. As the schedules note, the source of value for the home was Redfin. Redfin is an

    automated valuation model (AVM) similar to Zillow.

8. Attached to the home was a mortgage in favor of US Bank Home Mortgage in an amount of $970,465. See, Schedule D.

9. In addition to the debtor's mortgage, there were other liens attached to the debtor's home. The IRS had pre-bankruptcy liens on the property of exceeding $1,876,044.

10. With no equity in his home, the debtor exempted his interested in an amount of $0.00 under 11 U.S.C. § 522(d)(1). See, Amended Schedule C.

11. The reality is the debtor has no amount of an exemption to claim because after deducting for his mortgage and tax liens, the value of his ownership is zero.

12. The trustee has also objected to the debtor's claim of exemption in a Wells Fargo business account.

13. As the trustee himself notes, the Wells Fargo business account is not owned by the debtor. The account and the funds therein belong to Top Source Media L.L.C. (Trustee's Motion Objecting to Claimed Exemptions, ¶17).

14. The trustee's objection to the debtor's listed exemption to the Wells Fargo business account is moot because those funds do not belong to the debtor. There is no need for a debtor to exempt property that he does not own.

15. The trustee's assertion that the funds were somehow improperly transferred into the Wells Fargo business account, which is denied, does not impact the validity of an exemption when no exemption is needed.

 WHEREFORE, the Debtor respectfully requests that the Court deny the Movant's objection to the debtor's exemption claim.

Date: May 16, 2024

    /s/ Christopher Anderson
    Walker & Walker Law Offices, PLLC
    Andrew C. Walker #392525
    Ethan Mustonen #399356
    Christopher G. Anderson #388787
    4356 Nicollet Ave
    Minneapolis, MN 55409
    (612) 824-4357

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Anderson, Robert Hurst                              Bky: 24-30025

Debtor.

_____

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO HIS EXEMPTION CLAIMS**

**FACTS**

The facts set forth in the debtor's response are herein incorporated.

**LAW**

The trustee has lodged two exemption objections to property that is not required to be exempted.

The trustee's objection to the debtor's homestead exemption should be denied because the debtor does not have equity in the home. The debtor's mortgage and the IRS's liens against his home leave him with no interest to protect. The debtor valued his home prior to filing bankruptcy using an automated valuation model (AVM). The trustee contends the debtor should have used a different AVM derived after he had already filed or the tax statement from Washington County. Although neither of the suggested approaches seems appropriate, using either value would not change the result. Even under the misguided values suggested by the trustee, the debtor still does not have any equity in his home. Because the debtor's mortgage and IRS liens exceed even the home values put forth by the trustee, the debtor's aggregate interest in the property is zero. This is reflected on the debtor's Amended Schedule C.

The trustee's insistence that the debtor used an incorrect exemption to protect funds that indisputably do not belong to him is also misplaced. As noted in the trustee's motion, the funds in the Wells Fargo business account do not belong to the debtor but instead are the property Top Source Media, LLC. (Trustee's Motion Objecting to Claimed Exemptions, ¶17).

The debtor is not required to exempt property that does not belong to him. The Wells Fargo business account was not property of the estate under 11 U.S.C. § 541. The debtor did not have a legal or equitable interest in the account. The debtor only had an interest in Top Source Media, L.L.C. This interest was properly disclosed. Because the account was not property of the estate under § 541, it was not property that was required to be exempted. As noted in 11 U.S.C. § 522(b)(1), only property that is property of the estate would need to be exempted.

The trustee's motion only objects to the exemption used to protect the account owned by Top Source Media, L.L.C. The trustee's accusation, which is denied, that the debtor fraudulently transferred property into that account has no bearing on whether the property needs to be exempted. If the trustee truly believes that property has been fraudulently transferred, then he has made the wrong motion. He misreads *In re Lumbar*, 457 B.R. 748, 754 (8th Cir. B.A.P. 2011) to suggest that fraudulently transferred property cannot be exempted. As noted, the funds at issue here need no exemption. Further, *In re Lumbar* only notes that the fact that property could be exempt in a bankruptcy is not a defense if it is later fraudulently transfer under 11 U.S.C § 548. A trustee "may recover fraudulent transfers of property which the debtor could have claimed as exempt had the

debtor still owned such property at the time the bankruptcy case was filed." *In re Lumbar*, at 754. The debtor here does not claim that funds cannot be fraudulently transferred because they are exempt. He claims the exemption or the need for an exemption in property is not invalidated because the trustee accuses him of a fraudulent transfer.

The trustee's motion at hand attacks the exemption. Because there is no exemption needed, the motion must fail.

## CONCLUSION

The trustee has failed to show that any exemption used by the debtor was improper. For these reasons, his motion should be denied.

Date: May 16, 2024

/s/ Christopher Anderson
Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Ethan Mustonen #399356
Christopher G. Anderson #388787
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Anderson, Robert Hurst

Debtor.

Bky: 24-30025

_____

**UNSWORN CERTIFICATE OF SERVICE**

_____

I, Christopher Anderson, hereby certify that a true and correct copy the Response to Trustee's Motion to Claimed Exempted Property and Memorandum of Facts and Law have been served upon the following parties in interest either by pre-paid first-class U.S. mail or by electronic notification on May 16, 2024:

Randall L. Seaver, Trustee
c/o Matthew R. Burton
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402

Office of the United States Trustee
300 South Fourth Street, Suite 1015
Minneapolis, MN 55415

Date: May 16, 2024

/s/ Christopher Anderson
Christopher Anderson #388787