# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Anderson, Robert Hurst

Bky: 24-30025

Debtor.

_____

### DEBTOR'S RESPONSE TO TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEYS' FEES PAID TO DEBTOR'S COUNSEL

To: The trustee and other entities specified in the applicable Federal Rules of Bankruptcy Procedure and Local Rule 9013-2

1. The trustee has filed a motion requesting that Walker & Walker Law Offices, PLLC disgorge the attorneys' fees it earned in this case and pay those fees to "Randall L. Seaver, Trustee". The debtor and Walker & Walker file this response in opposition to that motion.

2. The Court will hold a hearing on this motion at 10:30 a.m. on Thursday, May 23, 2024 before the Honorable Kesha L. Tanabe in Courtroom No. 2C, at the United States Courthouse, at 316 North Robert Street, in St. Paul, MN, 55101, or as soon thereafter as counsel may be heard.

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on January 4, 2024. The case is now pending in this Court.

4. The trustee apparently believes that the debtor's attorneys' fees and court costs of $2,400 were paid on January 5, 2024, the day after the debtor filed bankruptcy. In addition, the trustee contends the fees were paid from a Wells Fargo business checking account belonging to Top Source Media L.L.C. and not the debtor. (Trustee's Motion For Disgorgement of Attorneys' Fees Paid to Debtor's Counsel, ¶9-10).

5. As has been explained to both the trustee and his counsel, payment for the

    debtor's attorneys' fees was authorized, batched, keyed and approved on January 4, 2024 at 15:48:56 CST, prior to the filing of the debtor's bankruptcy petition at 17:58:41 CST. (Exhibit A and Exhibit B).

6. As was also previously explained to the trustee and his counsel, the cardholding bank may not have updated their statements until January 5. This does not change the fact that the debtor's attorneys' fees were paid prior to filing. Neither Walker & Walker nor the debtor have any control over the time at which a bank's statement will reflect a payment.

7. The debtor's attorney's fees were paid by Top Source Media L.L.C. on January 4, 2024 prior to the bankruptcy filing.

8. The attorneys for the debtor, Walker & Walker, filed Local Form 1007-1 in compliance with Fed. Bankr. P. 2016(b) and 11 U.S.C. § 329(a). The Local Form 1007-1 that was filed incorrectly stated the attorneys fees were paid by the debtor. Local Form 1007-1 was accurate and correct in all other aspects.

Date: May 16, 2024

                                              /s/ Christopher Anderson
                                              Walker & Walker Law Offices, PLLC
                                              Andrew C. Walker #392525
                                              Ethan Mustonen #399356
                                              Christopher G. Anderson #388787
                                              4356 Nicollet Ave
                                              Minneapolis, MN 55409
                                              (612) 824-4357

# EXHIBIT A

## ROBERT ANDERSON M4271    |   Chapter 7

| $0 | $2,400 | $2,400 | $0 | 01/04/2024 |
|---|---|---|---|---|
| Outstanding Balance | Paid To Date | Total Fees | Amount Refund | PIF Date |

| Date | Amount | Status |
|---|---|---|
| 01/04/2024 | $2,400 | paid |

# EXHIBIT B

 **Gmail**

Christopher Anderson <christopher@bankruptcytruth.com>

## BL Robert Anderson M4271

**Meghan Malone** <meghan@bridgelegal.com>                          Fri, Apr 5, 2024 at 10:41 AM
To: Jennifer Kalina <jenny@bankruptcytruth.com>
Cc: Christopher Anderson <christopher@bankruptcytruth.com>

Hi Jennifer,

Can confirm that the card was authorized and batched on the 4th. The cardholder's bank may not have updated their online statement until the 5th as some banks wait until the next day, but the card was clearly charged and batched on the 4th.

Please see the receipts attached. If you need anything else, please let me know!

| Field | Value |
| --- | --- |
| Transaction ID | [redacted] |
| Issue Date/Time | 2024-01-04 15:48:46 CST |
| Entry Mode | KEYED |
| Payment Type | CARD |
| Transaction Type | SALE |
| Anti-fraud Recommendation | |
| ACH Verification Message | |
| ACH Security Code | |
| Total Amount | 2400.00 |
| Auth Message | APPROVED |
| Auth Code | [redacted] |
| AVS Result | Y |
| CVV2 Result | |
| Payment Issuer | VISA |
| Card Number | [redacted] |
| Card Expiration Date | [redacted] |
| Billing Address Name | Robert Anderson |
| Billing Address Street | 6680 St Croix Trail |
| Billing Address City | Hastings |
| Billing Address State | MN |
| Billing Address Zip | 55033 |
| Billing Address Country | |
| Customer Phone | |
| Customer Email | |
| Company | |
| Cashier | QSAPI 3.8 |
| Remote IP Address | |
| Remote Host Name | |
| Incoming IP Address | [redacted] |
| Device Serial Number | |
| Batch ID | [redacted] |
| Batch Date | 2024-01-04 17:11:03 CST |
| Trace Number | [redacted] |
| Group | OPS |
| Custom ID | |
| EXT Transaction ID | |
| 3DS ECI | Not Authenticated |
| 3DS Protected | No |

Best,

Meghan

[Quoted text hidden]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Anderson, Robert Hurst    Bky: 24-30025

Debtor.

_____

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF DEBTOR'S RESPONSE TO TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEYS' FEES PAID TO DEBTOR'S COUNSEL**

_____

I. <u>The debtor's attorney was in substantial compliance with § 329(a) and Rule 2016 by filing Local Form 1007-1.</u>

Section 329(a) of the Bankruptcy Code requires attorneys for debtors to file a statement of compensation disclosing the amount paid or agreed to be paid for services rendered or to be rendered within one year before the date of the filing of the petition. 11 U.S.C. § 329(a). The statement must disclose fees paid in contemplation of or in connection with any bankruptcy case, and the source of such compensation. <u>Id</u>. Under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, attorneys must file the statement required under § 329(a) within 14 days of any order of relief and also indicate whether the attorney has shared or agreed to share their compensation with any other entity. Fed. Bankr. P. 2016(b). Both the requirements of § 329(a) and Rule 2016(b) are accomplished locally by filing Local Form 1007-1.

The Local Form 1007-1 filed in this case was accurate and correct with the

exception that it noted the incorrect source of the funds used to pay the attorney's fees. The form listed the correct compensation received by Walker & Walker as $2,047 (A total of $2,400 was paid to Walker & Walker but $338 was used to pay the court's filing fee and an additional $15 was used to pay for the debtor's credit counseling.) It stated that these funds were received prior to the filing of the statement and prior to the bankruptcy. This is demonstrated by Exhibit B's time stamp of January 4, 2024 at 15:48:56 CST. As noted, this is the date and time the funds were authorized, batched, keyed and approved. Further, Local Form 1007-1 also indicated that there was no balance due on the debtor's account and that his attorneys were not sharing compensation with others outside of the Walker & Walker law firm.

The trustee's request to disgorge all of Walker & Walker's attorneys' fees because Local Form 1007-1 incorrectly indicated the source of their compensation is excessively harsh and severe. The trustee invokes *In re Redding*, 263 B.R. 874 (B.A.P. 8th Cir. 2001) to suggest that disgorgement is an appropriate remedy. That case involved an attorney who submitted that he had only received $3,000 in fees when he had actually been paid over $15,716. *In re Redding*, 263 B.R. at 877. He also failed to seek court approval for fees in excess of the local limit at the time.

Unlike *In re Redding*, there were no funds taken by Walker & Walker that were not fully disclosed. The amount of the compensation was entirely reasonable. And all compensation was paid before filing as indicated. The trustee's requested remedy is not appropriate given the slightness of the oversight. For these reasons, the motion should

be denied.

II. <u>The Unclean Hands Doctrine prevents the trustee from being granted the relief he seeks because when he knew full well the attorneys fees were paid prior to filing.</u>

Throughout the trustee's motion he repeatedly labels Walker & Walker's contention that the attorney's fees were paid prior to filing as "false". This is particularly shocking when the trustee and presumably his attorney have been in possession of both Exhibit A and Exhibit B since April 5, 2024.

On April 3, the undersigned received an email from the trustee requesting documentation that the attorney fees were paid prior to filing. The trustee was provided with Exhibit A on April 4. He immediately responded demanding to see Walker & Walker's bank statements showing the deposit of the $2,400. The next day Exhibit B was sent to the trustee. He did not respond further and instead filed the instant motion demanding that a check for $2,400 be made payable to "Randall L. Seaver, Trustee".

The doctrine of unclean hands bars a party who has engaged in improper behavior or has acted unfairly from obtaining the equitable remedy he is seeking. A litigant may be denied relief where his conduct has been unconscionable by reason of a bad motive, or where the result induced by his conduct will be unconscionable either in the benefit to himself or the injury to others. *Peterson v. Holiday Recreational Indus. Inc.*, 726 N.W.2d 499, 505 (Minn. App. 2007), review denied (Minn. Feb. 28, 2007).

The fact that the trustee continues to deny that the payment for attorneys' fees

was made prior to filing is unconscionable. He continues to ignore unconvertable evidence. And the remedy he seeks - to force Walker & Walker to forfeit their earned fees to him - would produce an unconscionable result. Because of the trustee's unconscionable actions in insisting the attorneys' fees were not paid prior to filing, he comes to the court with unclean hands. Under these circumstances, his motion should be denied.

III. <u>Even if the Court were to award a disgorgement of attorneys' fees, those fees would not become the property of the trustee.</u>

As the trustee has made abundantly clear, the fees in this matter were paid by Top Source Media L.L.C. They were not the debtors and at no time belonged to the bankruptcy estate. Assuming *arguendo* that this Court does order a disgorgement of fees, those fees should become the property of Top Source Media L.L.C. or its creditors. Because the attorneys fees are not and never were property of the bankruptcy estate the trustee has no right to them and the motion should be denied.

Dated: May 16, 2024

<u>/s/ Christopher Anderson</u>
Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Ethan Mustonen #399356
Christopher G. Anderson #388787
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Anderson, Robert Hurst                                  Bky: 24-30025

Debtor.

_____

## UNSWORN CERTIFICATE OF SERVICE

I, Christopher Anderson, hereby certify that a true and correct copy the Response to Trustee's Motion to Disgorgement of Attorneys' Fees and Memorandum of Facts and Law have been served upon the following parties in interest either by pre-paid first-class U.S. mail or by electronic notification on May 16, 2024:

Randall L. Seaver, Trustee
c/o Matthew R. Burton
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402

Office of the United States Trustee
300 South Fourth Street, Suite 1015
Minneapolis, MN 55415

Date: May 16, 2024

/s/ Christopher Anderson
Christopher G. Anderson #388787