# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In Re:**

                                 **Chapter 7**

**Robert Hurst Anderson, Jr.,**        **Bankruptcy No. 24-30025**

      **Debtor.**

---

**Mary R. Jensen, Acting United States Trustee,**

      **Plaintiff,**

v.                                **Adv. No. _____**

**Robert Hurst Anderson, Jr.,**

      **Defendant.**

---

Plaintiff, Mary R. Jensen, Acting United States Trustee ("UST"), for her complaint against Robert Hurst Anderson, Jr., the defendant, states and alleges as follows:

1. Mary R. Jensen is the Acting United States Trustee for Region 12, which covers the Federal Judicial Districts of Iowa (Northern & Southern Districts), Minnesota, North Dakota, and South Dakota. The plaintiff has standing to commence this adversary proceeding pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 727(c)(1).

2. Mr. Anderson is a resident of the State of Minnesota. He filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and bankruptcy schedules,

a statement of financial affairs, and various other documents, on January 4, 2024. The bankruptcy case is captioned *In re Robert Hurst Anderson, Jr.*, case number 24-30025, Bankr. D. Minn., Third Division, and it remains open. Randall L. Seaver was appointed as the chapter 7 trustee.

3. This complaint is filed under Fed. R. Bankr. P. 7001(4) and seeks an order denying Mr. Anderson's bankruptcy discharge under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(4)(A).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding.

5. The plaintiff consents to entry of final judgment by the bankruptcy court in this matter.

## Fraudulent Transfers

6. The following allegations are made upon information and belief. To the extent any allegations are inconsistent with one another, they are pled in the alternative.

7. Mr. Anderson incorporated a business called Top Source Media L.L.C. ("Top Source") on or about August 18, 2016. Mr. Anderson is the sole member of Top Source.

8. Mr. Anderson owes the IRS at least $1.8 million for unpaid taxes.

9. On or about December 5, 2023, Jorge Alejandro Rojas obtained a default judgment in the amount of $1,500 against, among other defendants, Top Source and

Mr. Anderson. On or about January 23, 2024, Mr. Rojas obtained an additional judgment of $864.08 for costs against Top Source and Mr. Anderson.

10. Between November 21, 2022 and December 20, 2023, Mr. Anderson transferred $45,523.18 from his Wells Fargo personal savings account with an account number ending in 2944 ("Wells Fargo Personal Savings Account") to a Wells Fargo checking account with an account number ending in 6579 owned by Top Source ("Top Source Checking Account").

11. Between May 2, 2022 and March 2, 2023, Mr. Anderson transferred $75,100.00 from his Wells Fargo personal checking account with an account number ending in 6473 ("Wells Fargo Personal Checking Account") to the Top Source Checking Account.

12. On or about January 2, 2024, Mr. Anderson transferred $16,772.07 from his Wells Fargo Personal Savings Account to the Top Source Checking Account. Mr. Anderson then caused Top Source to pay his bankruptcy attorney's fees of $2,400.00 on January 5, 2024.

## Gambling Losses

13. Mr. Anderson gambled at least $51,841.23 in 2023. He also gambled at least $29,372.20 in 2022.

### Gym Equipment

14. Mr. Anderson built an elaborate home gym in 2018. He paid approximately $13,500.00 for the gym and gym equipment.

15. At the time of his bankruptcy filing, Mr. Anderson's gym equipment remained at his home.

### Other Business Entities

16. Mr. Anderson incorporated Bio46 L. L. C. on or about October 30, 2015. Mr. Anderson was the sole member. Mr. Anderson's marriage to Jill Anderson was dissolved on or about October 4, 2017. According to Mr. Anderson's stipulated divorce decree, he owned Top Source and Bio46 and earned monthly dividends of over $142,000 per month.

17. The State of Minnesota administratively terminated Bio46 on or about February 24, 2020.

### Cryptocurrency

18. Mr. Anderson's 2022 tax return shows that he sold Bitcoin, Ethereum, and Dogecoin on or about December 20, 2022.

19. Mr. Anderson claims that he has not owned any financial accounts used to buy and sell cryptocurrency since August of 2023.

### False Statements on Bankruptcy Petition, Schedules, and Statement of Financial Affairs

20. On schedule A/B, Mr. Anderson failed to disclose any gym equipment.

21.   On schedule A/B, Mr. Anderson failed to disclose his Robinhood financial accounts.

22.   On schedule A/B, Mr. Anderson failed to disclose his PayPal accounts.

23.   On schedule A/B, Mr. Anderson failed to disclose his Venmo accounts.

24.   On schedule D, Mr. Anderson failed to disclose a federal tax lien in excess of $1.8 million.

25.   On schedule E, Mr. Anderson failed to disclose child support arrears.

26.   On schedule F, Mr. Anderson failed to list Mr. Rojas as a creditor.

27.   On schedule J, Mr. Anderson failed to disclose his child support and maintenance obligations.

28.   On the statement of financial affairs, Mr. Anderson failed to disclose any transfers to Top Source.

29.   On the statement of financial affairs, Mr. Anderson failed to disclose any gambling losses.

30.   On the statement of financial affairs, Mr. Anderson failed to disclose the closure of his Wells Fargo Personal Checking Account.

31.   On the statement of financial affairs, Mr. Anderson failed to disclose the closure of any financial accounts used to buy and sell cryptocurrency.

32.   On the statement of financial affairs, Mr. Anderson failed to disclose his prior ownership of Bio46, LLC.

**Testimony at Meeting of Creditors and Additional False Documents**

33. Mr. Seaver convened the meeting of creditors on January 30, 2024. At the meeting of creditors, Mr. Anderson testified falsely as follows:

    a. That the information in his bankruptcy documents was true and correct.

    b. That there were no errors or omissions in his bankruptcy documents.

    c. That he listed all of his creditors in his bankruptcy documents.

    d. That he did not transfer any property or an interest in property to anyone within two years prior to the filing of his bankruptcy petition.

    e. That his gambling losses in 2023 were approximately $35,000.00.

34. Mr. Anderson also testified on January 30, 2024 that his cryptocurrency assets were contained in his Robinhood account.

35. On January 30, 2024, Mr. Anderson filed amended schedules A-C. On amended schedule A/B, Mr. Anderson failed to disclose the gym equipment. He also failed to disclose his Robinhood, PayPal, and Venmo accounts.

36. On February 7, 2024, Mr. Anderson again filed amended schedules A-C. On amended schedule A/B, Mr. Anderson failed to disclose the gym equipment. He also failed to disclose his Robinhood, PayPal, and Venmo accounts.

37. Mr. Seaver continued the meeting of creditors to March 5, 2024, and then to March 26, 2024. On March 26, 2024, Mr. Anderson testified that he transferred $16,772.07 from his Wells Fargo Personal Savings Account to the Top Source Checking Account because he was "scared that the IRS would take it. There's no

other reason." He also testified that he wanted to get the money out of his personal account so that the IRS would not take it.

38. On March 26, 2024, Mr. Anderson filed an amended statement of financial affairs. On this amended statement of financial affairs, Mr. Anderson failed to disclose any transfers to Top Source. He also disclosed gambling losses "up to September 2023" of $32,353. Mr. Anderson again failed to disclose the closure of his Wells Fargo Personal Checking Account or any financial accounts used to buy and sell cryptocurrency. He also failed to disclose his prior ownership of Bio46, LLC.

39. On March 28, 2024, Mr. Anderson filed an amended statement of financial affairs. Mr. Anderson disclosed the January 2, 2024 transfer of $16,772 to Top Source Media. He again failed to disclose the closure of his Wells Fargo Personal Checking Account or any financial accounts used to buy and sell cryptocurrency. He also failed to disclose his prior ownership of Bio46, LLC.

## Request for Documents

40. On April 11, 2024, the UST requested that Mr. Anderson provide, among other documents:

    a. Copies of digital currency or other virtual asset statements for any accounts that Mr. Anderson has or has had an interest in, issued between January 1, 2022 and the present, regardless of whether the account was open or closed during the applicable timeframe.

    b. Copies of all financial account statements for any accounts that Mr.

Anderson has or has had an interest in, including signing authority, issued between January 1, 2022 and the present, regardless of whether the account was open or closed during this timeframe.

    c.    Documentation of Mr. Anderson's gambling activity from January 1, 2023 through the present.

    d.    An inventory of Mr. Anderson's gym equipment.

The UST reiterated the requests for these documents on April 29, 2024, May 8, 2024, and May 29, 2024. To date, Mr. Anderson has not produced many of the requested documents noted above.

41. On May 14, 2024, Mr. Anderson filed amended schedules A-D. On amended schedule A/B, Mr. Anderson failed to disclose the gym equipment. He also failed to disclose his Robinhood, PayPal, and Venmo accounts. On schedule D, he failed to disclose a federal tax lien in excess of $1.8 million.

42. On May 15, Mr. Anderson filed another set of amended schedules A-D. On amended schedule A/B, Mr. Anderson failed to disclose the gym equipment. He also failed to disclose his Robinhood, PayPal, and Venmo accounts. On schedule D, he disclosed a federal tax lien in excess of $1.8 million.

## COUNT I
## TRANSFER, CONCEALMENT, OR REMOVAL OF PROPERTY OF THE DEBTOR WITH INTENT TO HINDER, DELAY, OR DEFRAUD A CREDITOR WITHIN ONE YEAR OF THE DATE OF THE FILING OF THE PETITION

43. The plaintiff re-alleges Paragraphs 1-42 as if fully set forth herein.

44. Mr. Anderson filed a voluntary chapter 7 petition on January 4, 2024.

45. Mr. Anderson transferred or concealed at least $16,772.07 with the intent to hinder, delay, or defraud his creditors within one year prior to the date of his bankruptcy petition.

46. As a result of Mr. Anderson's conduct, the plaintiff is entitled to an order denying his discharge under 11 U.S.C. § 727(a)(2)(A).

## COUNT II
## CONCEALMENT OF PROPERTY OF THE ESTATE WITH INTENT TO HINDER, DELAY, OR DEFRAUD THE CHAPTER 7 TRUSTEE AFTER THE DATE OF THE FILING OF THE PETITION

47. The plaintiff re-alleges Paragraphs 1-46 as if fully set forth herein.

48. Mr. Anderson filed a voluntary chapter 7 petition on January 4, 2024.

49. Mr. Anderson concealed the gym equipment with the intent to hinder, delay, or defraud Mr. Seaver after the date of his bankruptcy petition.  Mr. Anderson failed to disclose the gym equipment at the meeting of creditors held on January 30, 2024 and again on March 5, 2024.  He also failed to disclose the gym equipment in his amended schedule A/B filed on January 30, 2024, or his amended schedule A/B filed on February 7, 2024.

50. As a result of Mr. Anderson's conduct, the plaintiff is entitled to an order denying his discharge under 11 U.S.C. § 727(a)(2)(B).

## COUNT III
## FAILURE TO KEEP ADEQUATE RECORDS

51. The plaintiff re-alleges Paragraphs 1-50 as if fully set forth herein.

52. Mr. Anderson failed to keep or preserve recorded information from which his financial condition and business transactions might be ascertained.

53. Mr. Anderson's failure to keep or preserve such recorded information is not justified under all of the circumstances of the case.

54. As a result of Mr. Anderson's conduct, the plaintiff is entitled to an order denying his discharge under 11 U.S.C. § 727(a)(3).

## COUNT IV
## FALSE OATHS IN OR IN CONNECTION WITH THE CASE

55. The plaintiff re-alleges Paragraphs 1-54 as if fully set forth herein.

56. Mr. Anderson knowingly and fraudulently made the false oaths set forth in Paragraphs 20-32, 33, 35-36, 38-39, and 41-42 of this Complaint.

57. The false oaths set forth above were material omissions regarding Mr. Anderson's property, property of the estate, or Mr. Anderson's financial transactions.

58. As a result of Mr. Anderson's false oaths, the plaintiff is entitled to an order denying his discharge under 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, the plaintiff requests that this Court enter an order and judgment denying Mr. Anderson's discharge under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B),

(a)(3), and (a)(4)(A), together with such other and further relief as the Court deems just and equitable.

Dated: June 10, 2024                    MARY R. JENSEN
                                        ACTING UNITED STATES TRUSTEE
                                        REGION 12

                            BY:    s/ Colin Kreuziger
                                   Colin Kreuziger
                                   MN Attorney No. 0386834
                                   Trial Attorney
                                   United States Department of Justice
                                   1015 U.S. Courthouse
                                   300 South Fourth Street
                                   Minneapolis, MN 55415
                                   (612) 334-1360
                                   Colin.Kreuziger@usdoj.gov