**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY Case No.: 24-30025 |
| | Chapter 7 |
| Robert Hurst Anderson, Jr., | |
| Debtor. | |
| Randall L. Seaver, Trustee, | ADV Case No.: 25-_____ |
| Plaintiff, | |
| v. | |
| Top Source Media L.L.C., | |
| Defendant. | |

**ADVERSARY COMPLAINT**

Randall L. Seaver, Trustee ("**Plaintiff**" or "**Trustee**") of the bankruptcy estate of Robert Hurst Anderson, Jr. ("**Debtor**"), as and for his Adversary Complaint ("**Complaint**") against Defendant Top Source Media L.L.C. ("**Defendant**"), states and alleges as follows:

1.  The Trustee is the duly-appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2.  This bankruptcy case was commenced on January 4, 2024, by the filing of a voluntary Chapter 7 Petition ("**Filing Date**").

3.  Defendant is a Minnesota limited liability company owned and controlled by the Debtor purportedly engaged in digital marketing. Defendant's web page is not operational.

**STATEMENT OF JURISDICTION AND VENUE**

4.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (H) and (O).

5. The Trustee consents to entry of final orders or judgment by this Court.

6. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure that relates to the above-captioned bankruptcy case. The bankruptcy case is pending in this district before this Court.

7. Venue properly lies in this judicial district as this is a proceeding related to a case under Title 11 of the United States Code pending before this Court.

## STATEMENT OF FACTS

8. At all times material hereto, Debtor has been insolvent. Debtor scheduled a liability of $1,216,989.00 to the Internal Revenue Service ("**IRS**") dating back to 2017. Debtor's only scheduled asset of substantial value is his exempt homestead.

9. Prior to the commencement of this bankruptcy case on January 2, 2024, Debtor transferred $16,772.07 to Defendant by way of an online transfer (the "**January Transfer**").

10. Thereafter, Debtor maintained control over the transferred funds and used them for his personal expenditures including, but not limited to, tanning services, paying bankruptcy counsel and cash withdrawals.

11. Debtor, at all times material to this matter, was insolvent based on the Debtor's own financial records and the testimony.

12. During the months of November and December of 2023, the Debtor also transferred at least $16,278.28 to Defendant (the "**Other Transfers**"). The Other Transfers are not disclosed in Debtor's Statement of Financial Affairs (each the original and amended).

13. The January Transfer and the Other Transfers will be referred to herein as the "Transfers."

14. The Trustee has been advised that Mercedes Benz has issued a $15,116.45 check payable to the Defendant and the Debtor (the "**Mercedes Check**"). The Defendant's fifty percent (50%) share of that check is $7,558.23.

### COUNT I – VOIDABLE TRANSFER
### 11 U.S.C. § 544 - CONSTRUCTIVE FRAUD

15. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

16. The Transfers constituted a transfer of an interest of the Debtor in property.

17. The Transfers occurred within two years before the date of the filing of the Debtor's bankruptcy petition.

18. Debtor received less than reasonably equivalent value in exchange for the Transfers.

19. At the time of the Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

20. The Debtor was insolvent on the date of the Transfers as discussed in this Complaint.

21. At the time of the Transfers, creditors of the Debtor existed including but not limited to, the IRS.

22. Pursuant to 11 U.S.C. § 544 and Minn. Stat. §§ 513.44(a)(2) and 513.45(a), the Trustee is entitled to avoid the Transfers.

23. Pursuant to 11 U.S.C. § 550, the Trustee may recover $33,050.35 for the benefit of the bankruptcy estate.

### COUNT II – VOIDABLE TRANSFER
### 11 U.S.C. § 544 – ACTUAL FRAUD

24. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

3

25. Debtor made the Transfers to hinder, delay or defraud its creditors who are described within this Complaint and by the actions described in this Complaint.

26. Actual fraud is evidenced by Debtor moving money via the Transfers to Defendant, an insider, leaving Defendant in control of the funds.

27. Badges of fraud include but are not limited to, the Debtor was insolvent or became insolvent shortly after the Transfers, the Transfers benefited an insider of the Debtor, the Debtor controlled the funds, and the Transfers were concealed. Further, Debtor testified that he made the January Transfer to prevent the IRS from obtaining the funds.

28. Pursuant to Minn. Stat. § 513.44(a)(1), made applicable to this proceeding pursuant to 11 U.S.C. § 544, the Trustee may recover the value of the Transfers from Defendant pursuant to 11 U.S.C. § 550.

29. Judgment should be entered against Defendant and in favor of the Trustee in the amount of $33,050.35.

## COUNT III
## CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

30. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

31. The Transfers were transfers for the benefit of Defendant for which the Debtor did not receive reasonably equivalent value.

32. The Transfers were made when the Debtor was insolvent, or the Transfers made him insolvent. The Debtor's insolvency is evidenced by Debtor's own financial records.

33. The Transfers were transfers of an interest of the Debtor in property.

34. Creditors existed at the time of the Transfers including, but not limited to, the IRS.

35. At the time of the Transfers, Debtor intended to incur, or believed that he would incur, debts beyond his ability to repay as they matured.

4

36. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trustee is entitled to avoid the Transfers and to recover the value of the Transfers, together with prejudgment interest per 11 U.S.C. § 550.

## COUNT IV
## ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

37. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

38. The Transfers were made with the actual intent to hinder, delay or defraud creditors. Among the creditors defrauded was the IRS.

39. Actual fraud is evidenced by Debtor moving money via the Transfers to Defendant, an insider, leaving Defendant in control of the funds.

40. Badges of fraud include but are not limited to, the Debtor was insolvent or became insolvent shortly after the Transfers, the Transfers benefited an insider of the Debtor, the Transfers were substantially all of the Debtor's non-exempt funds, the Transfers were concealed, there was no consideration for the Transfers, and the Debtor controlled the funds. Further, Debtor testified that he caused the Transfers to occur to avoid the IRS.

41. Under 11 U.S.C. § 548(a)(1)(A), the Trustee is entitled to avoid the Transfers and to recover from Defendant the value of the Transfers, together with prejudgment interest per 11 U.S.C. § 550.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against the Defendant as follows:

1. Pursuant to each Count, avoiding the Transfer and awarding judgment in favor of Plaintiff in the amount of $33,050.35, together with such other amounts as are proven to be avoidable;

2. Awarding the Trustee an Order of Attachment on Defendant's assets including, but not limited to, its bank accounts and the Mercedes Check;

9978784v3

3. Awarding the Trustee his costs incurred herein, together with pre- and post-judgment interest; and

4. Granting the Trustee such other relief as the Court deems just and equitable in the premises.

|  |  |
|---|---|
|  | MOSS & BARNETT<br>A Professional Association |
| Dated: January 21, 2025 | By  s/ *Matthew R. Burton*<br>Matthew R. Burton (#210018)<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402<br>Telephone: (612) 877-5000<br>Email: matthew.burton@lawmoss.com<br>ATTORNEY FOR PLAINTIFF RANDALL L. SEAVER, TRUSTEE |

9978784v3