**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| In re: | BKY Case No.: 24-30025 |
|---|---|
| Robert Hurst Anderson, Jr., | Chapter 7 |
| Debtor. | |

**VERIFIED REPLY OF THE CHAPTER 7 TRUSTEE RELATED TO CLAIMED EXEMPTIONS**

## INTRODUCTION

Randall L. Seaver, Trustee ("**Trustee**") submits this Reply to the Response of Debtor Robert Hurst Anderson, Jr.'s ("**Debtor**") [Doc. 36] to the Trustee's motion objecting to claimed exemptions [Doc. 28].

## BACKGROUND

The Trustee objected to the Debtor's claimed homestead exemption.

Walker & Walker Law Offices, PLLC (the "**Walker Firm**") now admits that: "The reality is the debtor has no amount of an exemption to claim because after deducting for his mortgage and tax liens, the value of his ownership is zero." Debtor's Response, Paragraph 11.

The Trustee objected to the Debtor's claimed exemption of $13,954.00 held in a "Wells Fargo Business" checking account. The original Schedule B, at item 17, filed by the Walker Firm, did not disclose that the "Wells Fargo Business" account was an account of Top Source Media L.L.C ("**Top Source**") (the "**Top Source Account**"). It was disclosed only as "Wells Fargo Business." However, the Trustee discovered the deception, and objected to the claimed exemption. Even in the amended Schedule B17 filed on May 14, 2024, the Debtor still claimed that the "Wells Fargo Business" account was his. The Top Source Account is not listed in Schedule B19 as an asset of Top Source. Finally, on May 15, 2024, yet another amended Schedule B was filed in

9312620v1

EXHIBIT A

which, for the first time, it was admitted in Schedule B that the Top Source Account was an account of Top Source.

This late revelation of the truth led the Walker Firm to state to the Court that: "The debtor is not required to exempt property that does not belong to him. The Wells Fargo business account was not property of the estate under § 11 U.S.C. 541." Of course, the Debtor had represented to the Court that it was his account in the previous four filings of Schedule B.

## LEGAL ARGUMENT

The Walker Firm has admitted that there was no basis for the exemptions claims for the homestead and the Top Source Account. The use of these improper exemption claims has caused damage to the bankruptcy estate. Under color of the claimed homestead exemption, the Debtor has lived in a home which he values at over $1,300,000.00 without paying any rent to the owner of the property, which is the bankruptcy estate. The Trustee intends to seek payment for this. Also, because the Debtor had claimed the homestead exemption the Trustee did not object to the stay relief motion, even though it appeared that the holder of the mortgage had an adequate equity cushion.

As a result of the baseless claim of exemption in the Top Source Account, the Trustee incurred attorneys' fees and expenses. The Walker Firm knowing propounded an improper exemption causing the Trustee to timely file an objection (or the improper exemption claim would have been allowed). *Taylor v. Freeland & Krenz*, 503 U.S. 638 (1992). The Trustee intends to seek recovery of fees and expenses.

The Walker Firm filed the original Schedule B on January 4, 2024, in which it was represented that the Wells Fargo Business Account was property of the Debtor. **Exhibit C.** On January 30, 2024, the Walker Firm filed an amended Schedule B representing to the Court that the

2

9312620v1

Wells Fargo Business Account was property of the Debtor. **Exhibit D**. On February 7, 2024, the Walker Firm filed an amended Schedule B representing to the Court that the Wells Fargo Business Account was property of the Debtor. **Exhibit E**. On May 14, 2024, the Walker Firm filed an amended Schedule B representing to the Court that the Wells Fargo Business Account was property of the Debtor. **Exhibit F**.

The latest Schedule B filed by the Walker Firm on May 15, 2024 makes clear that it was the Top Source Account that the Debtor was trying to claim as exempt. **Exhibit G**. That account is now listed as an asset of Top Source at B19, and not as an asset of the Debtor at B17. However, just the day before, on May 14, 2024, the Debtor had filed a Schedule B still representing to the Court, at item B17, that the account was his account.

The Trustee has not ascertained all damages suffered by the bankruptcy estate through the above-described use of false or misleading schedules and through the use of improper exemption claims, but he intends to pursue recovery for all damages suffered.

The Trustee has not withdrawn his exemption objections despite the Debtor having filed an amended Schedule C eliminating them. That is because the Trustee wants to assure that all his rights against any and all parties are preserved. Given the strange assertion of a baseless "unclean hands" defense in the reply to the Trustee's disgorgement motion, the Trustee is concerned that a withdrawal by the Trustee of the exemption objection would result in a baseless "waiver" or similar argument.

Further, the Debtor's claimed exemption of the Mercedes appears improper. Throughout this case, in his many Schedule B filings the Debtor has represented to the Court that he is the sole owner of the Mercedes GLE 63C4S ("**Mercedes**"), which was apparently purchased for over $122,000.00 in December of 2020. Those representations may be false. According to the title

3

9312620v1

application and the first two pages of the Sale Contract, Top Source is a co-owner of the Mercedes. Those documents were provided to the Trustee by the Walker Firm. Copies of those documents are attached as **Exhibit A**. Attached as **Exhibit B** is a Westlaw report which appears to confirm the joint ownership.

As he did with the Top Source Account, the Debtor is apparently attempting to claim an exemption of Top Source property, namely a fifty percent (50%) interest in the Mercedes. As the Walker Firm has admitted, he cannot claim an exemption in property of Top Source.

The Trustee cannot tell, to a certainty, the title status without seeing the title. The Debtor should be required to provide a copy to the Trustee. If Top Source is, as it appears to be, also a titled owner, then the Debtor should be required to file an amended Schedule B and file and serve an appropriate amended exemption claim.

## CONCLUSION

The Court should hold that, as admitted by the Walker Firm, the Debtor has no homestead exemption to claim and that the Debtor has no right to claim an exemption in the Top Source Account.

MOSS & BARNETT
A Professional Association

Dated: May 22, 2024

By _s/ Matthew R. Burton_
Matthew R. Burton (#210018)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5000
Email: matthew.burton@lawmoss.com
ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

9312620v1

## VERIFICATION

I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Robert Hurst Anderson, Jr., declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Date: May 22, 2024

*s/ Randall L. Seaver*
Randall L. Seaver, Trustee

9312620v1